STATE *v.* BUMPUS.

---

STATE OF NORTH CAROLINA v. MACK FREDERICK BUMPUS.

(Filed 10 July 1968.)

Larceny § 7— **Evidence held insufficient to show car driven by defendant was same car stolen from prosecuting witness.**

Evidence tending to show that the defendant was apprehended while driving a sports car of the same make, color and year as the car stolen from the prosecuting witness, that the defendant, while being pursued, collided with a police roadblock and severed the right front wheel from the car, and that a vehicle subsequently identified by the prosecuting

witness as his own had a right front wheel missing, *is held* insufficient to be submitted to the jury on the question of defendant's guilt of larceny of an automobile, there being no evidence in the way of motor and serial numbers more particularly connecting the automobile driven by defendant as the automobile belonging to the prosecuting witness.

APPEAL by defendant from *Burgwyn, J.,* 23 October 1967 Session, WAKE Superior Court.

Defendant was tried upon a bill of indictment charging him with the larceny on 18 July 1967 of one 1966 Corvette automobile, serial number 1946765105151, 1967 North Carolina license number NF7163, the property of Joseph Nicholos.

The State's evidence tended to show that a gray colored 1966 Corvette automobile belonging to Joseph Nicholos was taken in Raleigh by someone on 18 July 1967 without the permission of the owner. The State's evidence further tended to show that the next time Mr. Nicholos saw his Corvette automobile was on 24 July 1967 "sitting in the Ford place off the beltline." The automobile had been damaged, and the right front tire and wheel were missing.

The State's evidence tended to show that on 24 July 1967 the defendant was driving a gray colored 1966 Corvette, and, although not looking for a stolen vehicle, two Durham city policemen became suspicious of defendant's conduct and undertook to follow him. The defendant fled from the police; they gave chase; defendant collided with a police roadblock in Durham, knocking the right front wheel off the Corvette; defendant continued driving on the remaining disc, and was finally stopped by the officers about three miles north of Apex. The officers placed defendant under arrest for failure to stop for a siren and blue light, and for hit and run. Defendant was taken back to Durham and turned over to the detective bureau of the Durham City Police Department.

The defendant had no identification on him, and he had no evidence of ownership of the 1966 Corvette. At the time of defendant's arrest the Corvette had on its rear a North Carolina license plate number EV9280 which was registered to a Mr. Parker of Durham, and on its front a Durham city license plate which was registered to a Mr. Mantle of Durham.

The defendant offered no evidence.

From a verdict of guilty, and judgment pronounced thereon, defendant appealed.

*T. W. Bruton, Attorney General, by Ralph Moody, Deputy Attorney General, for the State.*

*Potter and Fogel by Sheldon L. Fogel for defendant appellant.*

BROCK, J. Defendant's first assignment of error is to the failure of the trial judge to sustain defendant's motion for judgment of nonsuit made at the close of the State's evidence, and renewed after defendant rested without offering evidence.

The State offered no evidence of the North Carolina license plate number which had been issued to Mr. Nicholos for his 1966 Corvette. Likewise it offered no evidence of the serial number or motor number of Mr. Nicholos' 1966 Corvette.

The State offered no evidence of the serial number or motor number of the 1966 Corvette driven by the defendant at the time of his arrest.

The State offered no evidence to connect the 1966 Corvette wrecked by the defendant and the 1966 Corvette which Mr. Nicholos saw "sitting in the Ford place off the beltline." There was no evidence from the State to explain why the car was "in the Ford place off the beltline," how it got there, or what Ford place and beltline Mr. Nicholos was talking about.

The only suggestion of connection between the vehicle driven by the defendant and the one taken from Mr. Nicholos was that both were gray in color, both were 1966 Corvettes, both were wrecked, and the right front wheel of both was missing. Obviously there may be more than one gray 1966 Corvette which has been wrecked in a similar fashion.

The defendant's conduct, and the similarity between the automobile driven by the defendant and the automobile stolen from Mr. Nicholos, casts a finger of suspicion in the defendant's direction. However, the State must do more than create suspicion. There must be competent evidence of each material element of the offense charged before the State is entitled to have a case submitted to the jury.

We hold that the defendant's motion for judgment of nonsuit should have been allowed and this case dismissed.

Reversed.

MALLARD, C.J., and PARKER, J., concur.